UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02992-KK-SPx** | Date: | August 19, 2026 |
| Title: | ***Yaru Shang v. Alejandro Mayorkas*** | | |

| | |
|---|---|
| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute and for Mootness**

## I.
## PROCEDURAL HISTORY

On November 7, 2025, plaintiff Yaru Shang ("Plaintiff") filed a Complaint against defendants Alejandro Mayorkas, Merrick Garland, and David Radel ("Defendants") alleging violations of the Administrative Procedure Act and the Due Process Clause to the Fifth Amendment due to Defendants' failure to adjudicate Plaintiff's asylum application. ECF Docket No. ("Dkt.") 1.

On January 5, 2026, the Court stayed the matter pursuant to the parties' stipulation pending adjudication of Plaintiff's asylum application. Dkt. 8.

On July 20, 2026, Defendants filed a Notice of Mootness, indicating "Plaintiff has received the relief sought in the Complaint" given the United States Citizenship and Immigration Services' decision on Plaintiff's application. Dkt. 9 at 1-2; Dkt. 9-1, Declaration of Christopher B. Buchanan ¶ 6. Hence, on July 21, 2026, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to respond "why this matter should not be dismissed [as moot]" by July 28, 2026. Dkt. 10. Plaintiff was warned "[f]ailure to comply will result in this matter being dismissed with prejudice." Id.

To date, Plaintiff has not filed a Response to the Court's July 21, 2026 OSC. Plaintiff is, therefore, in violation of the Court's July 21, 2026 OSC. See id.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not filed a response to the Court's July 21, 2026 OSC. Dkt. 10. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkt. 10. Moreover, it appears this action is now moot because Plaintiff has received the requested relief, i.e., adjudication of Plaintiff's asylum application. See Dkt. 9.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown Plaintiff is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Dkt. 10.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action with prejudice as **MOOT** and under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the Court's orders.

**IT IS SO ORDERED**.